MICHAEL N. WESTHEIMER (SBN 178938)
mwestheimer@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
601 Montgomery Street, Suite 350
San Francisco, CA  94111
Telephone: (415) 918-3000

Attorney for Defendants
INNOVACCER INC. and VAIBHAV KUMAR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD COURSHON,<br><br>        Plaintiff,<br><br>        v.<br><br>INNOVACCER INC., VAIBHAV KUMAR, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br><br>Complaint Filed:   June 26, 2025<br>Trial:                  Not set |

1

NOTICE OF REMOVAL                                                                                    CASE NO.:

## NOTICE OF REMOVAL

Defendants, Innovaccer Inc. and Vaibhav Kumar, by and through their undersigned attorneys, Constangy, Brooks & Smith, LLP, in accordance with 28 U.S.C. § 1446, submit the following:

1. Plaintiff, Richard Courshon, commenced this action on June 26, 2025, by filing a Complaint in the Superior Court of the State of California for the County of San Francisco entitled *Richard Courshon* v. *Innovaccer Inc., Vaibhav Kumar, and Does 1 to 100, inclusive*, Case No. CGC-25-626675. Said action is now pending in that court.

2. The first notice of the Complaint to any of the Defendants occurred when Courshon effected service on Innovaccer via substituted service on July 26, 2025.  The state court also issued a Notice to Plaintiff, Courshon filed a proof of service of summons and complaint on Innovaccer, and Defendants filed Answers in state court on August 14, 2025.

3. A copy of each of the foregoing papers, which constitutes all of the processes and pleadings to date, is attached hereto as **Exhibit A**.

4. The above-captioned action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, in that:

a) Innovaccer is a corporation that is based in and is a citizen of the State of California.

b) Vaibhav Kumar is a citizen of New York and has resided in New York at all times relevant to the Complaint. *See* V. Kumar Declaration filed concurrently with Defendants' Notice of Removal.

c) The caption of the Complaint references numerous unnamed defendants as "Does 1 to 100, inclusive"; however, for removal based upon diversity, "the citizenship of defendants sued under fictitious names [is] disregarded." 28 U.S.C.A. § 1441(b)(1).

d) Courshon alleges that he has been a resident of California at all times mentioned in the Complaint. However, despite his Courshon's alleged California residency, he has been domiciled in Tennessee at all times relevant to the Complaint.

2

On June 19, 2024, Innovaccer extended an offer to Courshon for the AVP-AI Sales position, with an annual salary of $150,000, sent to his home at 100 Calm Waters St., Franklin, TN 37064. *See* R. Courshon Innovaccer Offer Letter as Exhibit B, see attached as **Exhibit B,** authentication in the accompanying Custodian of Records Declaration.  The expectation was that his role would be based out of Franklin. *Id*. Soon after accepting the role, Courshon purchased a new home at 3807 Park Ave., Nashville, TN 37209, and continued living in Tennessee throughout his tenure at Innovaccer. *See* **Exhibit 1** of Defendants Request for Judicial Notice filed concurrently with Defendant's Notice of Removal; *see also*, R. Courshon's Final Pay Stubs attached here as **Exhibit C,** authentication in the accompanying Custodian of Records Declaration. On February 3, 2025, he paid property taxes on his Nashville home. *See* **Exhibit 2** of Defendants Request for Judicial Notice filed concurrently with Defendant's Notice of Removal. To Defendants' knowledge, Courshon has not bought any property in California to date. Although Courshon alleges he has resided in California at all times mentioned in the Complaint, there are no facts here that show his domicile changed from Tennessee to California. *See McNatt* v. *Allied-Signal, Inc*., 972 F.2d 1340 (9th Cir. 1992)(moving to a different state does not automatically change a party's domicile; it is presumed to be unchanged unless clear facts show a new domicile has been established).

e)    The above-captioned action is a civil action in which the amount in controversy, based on the allegations in the Complaint, exceeds the sum or value of $75,000.00. Courts consider back pay as wages lost from termination to removal and front pay as wages from removal to trial. *Olvera v. Quest Diagnostics*, No. 219CV06157RGKSK, 2019 WL 6492246, at *2 (C.D. Cal. Dec. 2, 2019). If no trial date is set, a year from removal is a conservative estimate for front pay. *Id*.

Although Defendants completely deny that Courshon is entitled to damages for any claims in his Complaint, his requests for both back and front pay increase the amount in controversy in this matter beyond the threshold required for the Court's jurisdiction. Based on his salary during his tenure at Innovaccer, if the Court rules in his favor and awards back pay from March 2025 to now, it would amount to roughly

3

NOTICE OF REMOVAL                                                                    CASE NO.:

$75,000.00. Moreover, if the Court awards front pay as Courshon requests, the conservative estimate of this award would be $150,000.00 at this time. Accordingly, exclusive of costs and interest, the amount of controversy exceeds $75,000.00, and there is complete diversity between the defendants.  Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332, which may properly be removed to the Court pursuant to 28 U.S.C. §1441(b).

5.	This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

6.	Upon filing of this Notice of Removal, Defendants shall give written notice of it to Plaintiff, Richard Courshon, through his counsel, and shall file copies of said Notice of Removal with the Clerk, for the Superior Court of the State of California for the County of San Francisco.

7.	By filing this notice, Defendants do not waive any claims or defenses which may be available to them.

WHEREFORE, Defendants, Innovaccer Inc. and Vaibhav Kumar, request the removal of the above-captioned case currently pending in the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, where it will proceed as an action originally filed there.

Dated: August 22, 2025                    Respectfully submitted,


/s/ _____ /s/ Michael N. Westheimer
Michael N. Westheimer
Constangy, Brooks, Smith & Prophete, LLP
601 Montgomery Street, Suite 350
San Francisco, CA 94111
T: 415.918.3000
mwestheimer@constangy.com

*Attorney for Defendants*
*Innovaccer Inc. and Vaibhav Kumar*

4

NOTICE OF REMOVAL                                                    CASE NO.: